NORTH BAY SHORE LAND Co., a Corporation Under the Laws of Florida, and JAMES R. REID, *Appellants*, v. MRS. MAGGIE POLLARD, *Appellee*.

Division B.

Opinion filed June 6, 1930.

1288

*H. Pierre Branning, J. R. B. Clemons, Cecil C. Curry* and *A. B. & C. C. Small,* for Appellants;

*Carl T. Hoffman, James A. Dunn, Roy D. Marsh, H. R. Marsh* and *Loftin, Stokes & Calkins,* for Appellee.

BUFORD, J.—The appellee here filed bill of complaint to remove cloud for title, it being alleged that the cloud consisted of the record of certain plats involving the lands belonging to the appellee. The plats were described as follows:

"A plat entitled PIERCE'S DIVISION OF LEMON CITY, in Section 18, Township 53, Range 42,

Dade Co., Fla., filed July 31, 1896, and recorded in plat book 'B' at page 42 of the public records of Dade County, Florida, and

"A plat entitled CORRECTED PLAT OF PIERCE'S DIVISION OF LEMON CITY, in Section 18, Township 53, Range 42, Dade Co., Fla., filed January 15, 1897, and recorded in plat book 'B' at page 43 of the public records of Dade County, Florida, and

"A plat entitled SECOND CORRECTED PLAT OF PIERCE'S SUBDIVISION LEMON CITY, in Section 18, Tp. 53, S., R. 42 E., filed May 31, 1911, and recorded in Plat Book 2 at page 21, of the public records of Dade County, Florida, and

"A plat entitled NORTH BAY SHORE LAND CO. PLAT—SHEET 'B' of the land in Section 18, T. 53 S., R. 42 E., Dade Co., Florida, filed October 17, 1924, and recorded in plat book 10 at page 21 of the public records of Dade County, Florida."

It is alleged in the bill and shown by the record that these plats embraced the lands owned and occupied by the appellee.

The plats purported to subdivide the lands belonging to appellee, together with other lands, into blocks, lots, streets, etc., and it is shown that it was the purpose of the plats to claim a dedication of a part of the appellee's land as streets. Therefore, the record of the plats constituted a cloud on the title of complainant, the appellee here.

The defendants claimed dedication of the alleged platted streets and claimed an easement in such parts of complainant's land as was represented by streets on the plat as public highways.

There is substantial evidence in the record that there

1290

was no dedication by one who was the owner at the time of the attempted dedication and also that there was no acceptance of any pretended dedication as to streets lying within the property owned by the complainant. Neither is there proof sufficient to establish the acquisition by prescription of such easement in the public or in the defendants.

The decree was in favor of the complainant and awarded the relief prayed.

As stated, the bill of complaint made out a proper case for the invocation of the relief prayed.

The decree of the chancellor should be affirmed upon authority of the opinion in the case of Couture et al. v. County of Dade et al., 93 Fla. 342, 112 So. R. 75, and cases there cited. It is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.